**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JESSIE WOMACK                                                                                          PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:07-CV-247 HTW-LRA

DOLLAR GENERAL CORPORATION and
BRENDA SIMMONS and JOHN/JANE DOES 1-5                                   DEFENDANTS

## ORDER DENYING REMAND

Before the court is the motion of the plaintiff, Jessie Womack, requesting that this court remand these proceedings to the Circuit Court of Lincoln County, Mississippi, [docket # 8] from where it was removed to this federal forum by defendant. Plaintiff filed this action on March 13, 2007, in the Circuit Court of Lincoln County, Mississippi, alleging state law claims grounded in negligence.

### Procedural History and Background Facts

This is an action for personal injuries allegedly sustained by the plaintiff, Jessie Womack, while she was shopping at the Dollar General store located at 211 Hwy. 51, Brookhaven, Mississippi. Plaintiff alleges she was injured on May 11, 2004, when she slipped and fell on the floor of the store. Ms. Womack maintains that the defendants failed properly to maintain the business premises; that the defendants knew or should have known of the dangerous conditions; and that the defendants failed to make reasonable periodic inspections.

The subject lawsuit was filed on March 13, 2007, against Dollar General Corporation ("Dollar General") and Stacy Jordan in the Circuit Court of Lincoln County, Mississippi. The case was removed to federal court on May 4, 2007, on the purported

basis of diversity jurisdiction[1] [docket #1].  Although both Ms. Womack and Ms. Jordan are Mississippi citizens, the defendants averred in their Notice of Removal that Ms. Jordan had been fraudulently joined in the action to defeat federal jurisdiction.  On May 11, 2007, Stacy Jordan was terminated as a party in this action.  Also, on May 11, 2007, plaintiff filed an amended complaint to substitute Brenda Simmons as a defendant [docket # 5].   Ms. Womack claims Ms. Simmons, also a Mississippi citizen, was the manager of the store at the time of the incident.

The plaintiff has now moved to remand this case to state court, and argues that Ms. Simmons was not fraudulently joined because plaintiff has alleged a viable claim against her personally, as store manager under Mississippi law [docket # 8].  The plaintiff claims that because Ms. Simmons is a proper defendant in this action, complete diversity between the parties does not exist and this court does not have subject matter jurisdiction.  For the reasons which follow, this court denies plaintiff's motion to remand.

## Discussion

**I.   Standard for Remand**

Under Title 28 U.S.C. § 1447(c),[2] a district court is mandated to remand a case if, at any time before final judgment, it appears the court lacks subject matter

---

[1] Title 28 U.S.C. § 1332 provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]

[2] Title 28 U.S.C. § 1447 (c) provides: A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

jurisdiction. Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996); *see Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

## II.     Standard for Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. Removing defendants bear the burden of establishing federal subject matter jurisdiction. See *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939)*; see also De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995); *Webb ex. rel. Groth v. City of Leland, Mississippi,* 2004 WL 3092767, 1 (N.D. Miss. 2004). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, where there is no federal question basis for jurisdiction, as in this case, the defendant bears the burden of showing that diversity jurisdiction exists. Pursuant to Title 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" In order for a federal court to exercise subject matter jurisdiction under the rubric of "diversity jurisdiction," there must be complete diversity between the opposing parties. *See Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). In this case, the plaintiff and defendant Simmons are citizens of Mississippi, while defendant Dollar General is a Tennessee corporation.

**III.   Was Ms. Simmons fraudulently joined?**

To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). As the defendants rely on both prongs in this case, the threshold questions are: (1) whether plaintiff committed fraud in pleading the facts of this case; and (2) whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992,125 S.Ct.1825, 161 L.Ed.2d 755 (2005).  The burden of proof is on the removing party. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id*. As "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Id*. at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The court finds no evidence that plaintiff committed fraud in pleading the jurisdictional facts in this action. Accordingly, the court considers the remaining factor for fraudulent joinder. Under this standard, Dollar General must demonstrate that Ms. Womack has no possibility of recovery for injuries sustained in a slip and fall case

against Ms. Simmons under Mississippi law.

**A.      Mississippi Case Law Regarding Individual Liability of Manager**

At issue is whether the individually named in-state defendant, Ms. Simmons, may be held liable for her actions as the store manager.  It is true that Mississippi law does not impose liability based merely upon managerial status, but the law imposes liability of a manager or employee for any direct acts of negligence.  *See, e.g. Griffin v. Dolgen*, 143 F.Supp.2d 670 (S.D. Miss. 2001); *Hill v. Beverly Enterprises-Mississippi, Inc.*, 305 F.Supp.2d 644 (S.D. Miss. 2003); *Mims v. Renal Care Group, Inc.*, 399 F.Supp.2d 740 (S.D. Miss. 2005).  Plaintiff alleges the following claims in her complaint:

   I.     The floor was not properly maintained as evidenced by its dangerous condition indicating a lack of ordinary care by Defendants;

   II.    Defendants knew or should have known of the dangerous condition and should have warned Plaintiff accordingly;

   III.   Defendants failed to make reasonable periodic inspections to discover dangerous conditions and to make safe any hazardous conditions.

Ms. Womack was an invitee.  A business owner owes a business invitee a duty of ordinary care to keep the business premises in a reasonably safe condition. *Treadwell v. Circus Circus of Mississippi, Inc.*, 942 So.2d 221 (Miss. 2006) (quoting *Walter v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss. 1986).  As well, the owner of a business premises has a duty to warn invitees of dangerous conditions which are not apparent to the invitee, of which the owners or occupier knows or through the exercise of reasonable care should know.  *Id*.  The owner is not an insurer against

all injuries which may occur on the premises. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So.2d 293, 295 (Miss.1988). In *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss.1992), the Mississippi Supreme Court established the standard by which a plaintiff may recover on a slip and fall case:

> [A plaintiff] must show the proprietor had actual knowledge of a dangerous condition, or the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, or the dangerous condition was created through a negligent act of a store's proprietor or his employees.

Plaintiff has not affirmatively pleaded any set of facts that would establish a cause of action against Ms. Simmons, the in-state defendant. Hands-on contact is not required to impose personal liability under Mississippi law. *See Mims v. The Renal Care Group, Inc.*, 399 F.Supp.2d 740 (S.D. Miss. 2005). One may easily be a direct participant in tortious conduct by merely authorizing or negligently failing to remedy misconduct by one's subordinates. *Id*. Plaintiff's own pleading states that "it is unknown how often [d]efendant Simmons or any other agent or employee of Dollar General periodically inspected the aisles of the store while working." See [docket # 37 ¶ 2]. Without a showing of some negligence directly attributed to Ms. Simmons, she would not be liable under Mississippi law for the alleged injuries incurred by Ms. Womack.

## IV.     Dollar General's Diverse Status

Plaintiff argues that since Dollar General is qualified to do business in Mississippi, it is subject to suit just as a domestic corporation. This argument is frivolous. Plaintiff confuses a venue determination with subject matter jurisdiction.

6

Section 1332 (a) provides that a corporation is a citizen of both its state of incorporation and the state of its principal place of business "without regards to whether it is authorized to do business in that state . . ." See *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873,878 (5th Cir. 2004).

## **Conclusion**

Based on the reasoning and authority set forth above, the court finds that Ms. Simmons was fraudulently joined in this action. Accordingly, this court hereby dismisses her from this action.

With her absence, this court has diversity jurisdiction because complete diversity exists between the remaining parties. Therefore, remand is not appropriate in this matter and plaintiff's motion is hereby denied. The parties are directed to contact the assigned Magistrate Judge for a scheduling order.

**SO ORDERED,** this the 12th day of March, 2008.

                                       **s/ HENRY T. WINGATE**
                                       **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-247 HTW-LRA
Order Denying Remand